D. Vincent Cerrito, J.
This is an action in which the City of Schenectady, hereinafter referred to as the “City”, seeks to declare null and void the appointment of a fact-finder by the Public Employment Relations Board, hereinafter referred to as “PERB”.
A fact-finder was appointed on April 4, 1968, after a determination by PERB that an impasse existed in the collective bargaining negotiations between the City and two employee organizations, the Schenectady Patrolmen’s Benevolent Association, hereinafter referred to as the “ Association ”, and the City Fire Fighters Union, Local 28, I.A.F.F., hereinafter referred to as the ‘ ‘ Union ’ ’.
On or about November 20, 1967, the City recognized the Association and the Union as the representatives of the employees of the Police and Fire Departments, respectively, in accordance with the Public Employees’ Fair Employment Act.
It is conceded by all parties to the action that on or about February 23,1968 the City refused to negotiate on any demands made by the Union and the Association for the year 1968. Thereafter, PERB was asked by the Association and Union to invoke the impasse machinery, pursuant to section 209 of the Civil Service Law.
Acting on such request, PERB appointed a mediator and then a fact-finder. On April 29, 1968 the City commenced this proceeding by an order to show cause seeking to restrain the fact- *92 finder from conducting further hearings. On May 3, 1968 all parties to this action stipulated and agreed, in open court, that among other things, they would enter into discussions forthwith regarding the disputes between them; that PEBB would withdraw the appointment of the fact-finder, and in the event that the discussions between the parties failed, that PEBB could intervene on five days’ notice to all the parties; that the jurisdiction of this proceeding be retained by this court; that all directives to any and all parties herein be held in abeyance; and that any party could move for argument on the merits of the basic motion and petition on five days ’ notice to all parties.
On May 22, 1968 PEBB again appointed a fact-finder who scheduled a meeting for the parties for June 3, 1968. The City in turn served notice pursuant to the stipulation requesting a hearing on the basic motion. The hearing was held on June 12, 1968.
After a careful examination of all of the pleadings and arguments, the sole issue before us is to determine when an impasse is deemed to exist.
While we are impressed by the City’s contention that an impasse can be deemed to exist only if, 60 days prior to the budget submission date, an agreement is not reached, or if the parties had entered into a written agreement pursuant to subdivision 2 of section 209 of the Civil Service Law, setting up its own machinery for the declaration of an impasse, we cannot overlook what the legislative purpose and intent was when it enacted the Public Employees’ Fair Employment Act, hereinafter referred to as the ‘‘ Taylor Law ’ ’.
It is apparent to us that the Legislature intended to establish PEBB to act as an objective, impartial agency for the resolution of disputes between public employee organizations and the State and local governments.
In creating this impartial agency (PEBB), it is also apparent that the Legislature did not intend PEBB to be idle and powerless until 60 days before budget submission time, or in effect, to be inoperative and without any duties to perform during the time their presence or intervention is most needed, namely, in the instant case, during the very months when this new agency could assist and promote productive negotiations between the City and the representatives of the police and firemen.
The intent of the Legislature is the primary object sought in the interpretation of statutes, and, to secure this object, the literal meaning of words must yield. Literal meanings of the words of a statute are not to be adhered to or suffered to defeat the general purpose and manifest policy intended to *93 be promoted (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 111; Matter of Hogan v. Culkin, 18 N Y 2d 330, 335, and citations therein). Whenever the intention can be discovered, it ought to be followed with reason and discretion in the construction of the statute, although such construction be contrary to its letter, as all statutes are to be construed according to their meaning, not according to the letter, and statutes are not to be read with a literalness that destroys meaning, intention, purpose or beneficial end for which the statute has been designed (McKinney’s Cons. Laws of N. Y. Book 1, Statutes, § 111; Matter of Astman v. Kelly, 2 N Y 2d 567, 572; Lanvin Parfums v. Le Dans, 12 A D 2d 104,108).
If this court were bound by the literalness of subdivision 1 of section 209 of the Civil Service Law, the meaning, intention, purpose and beneficial end intended by the Legislature in enacting the Taylor Law would be defeated. For the very first section of the Taylor Law (§ 200) defines legislative intent and purpose by stating “it is the public policy of the state and the purpose of this act to promote harmonious and cooperative relationship between government and its employees and to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government * * * creating a public employment relations board to assist in resolving disputes between public employees and public employers ”.
It is apparent, then, that the Legislature intended PERB to possess powers and duties necessary to give the Taylor Law meaning. It is manifestly clear that the Legislature intended to use PERB as its vehicle to cure the ills for which that law was enacted.
The conclusion is inescapable that, in order to effectuate the purpose and intent of the Taylor Law, subdivision 1 of section 209 must be given a construction that does not render PERB powerless by preventing it from intervening when there is an “ in fact ” impasse, if not an impasse as defined in said subdivision 1 of section 209.
Furthermore, it is well-settled law and a general rule of interpretation of statutes that all parts of an act are to be read and construed together to determine legislative intent and all parts of an enactment shall be harmonized with each other (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 97, 98, and the citations therein). A reading of the entire Taylor Law clearly outlines PERB’s powers and duties, and to preclude them from exercising the powers and duties because of said subdivision 1 of section 209 is inconsistent with the general tenor *94 of the entire act and would result in an unwarranted hobbling of PERB.
The City’s position with regard to the appointment of a fact-finder without notice and without holding a hearing was rendered academic once the city entered into the afore-mentioned stipulation with the other parties involved.
Concerning the applicability of the Taylor Law to the year 1968, we hold that this is a question to be resolved through negotiations. This is one of the primary functions of collective bargaining and must be resolved by the parties at the ‘ ‘ bargaining table ’ ’.
In view of the foregoing and as a result of the complete breakdown in negotiations, we do find that an impasse does in fact exist between the City and the Association and the Union, and by reason thereof the appointment of a fact-finder comes within the purview of the authority vested in PERB.