John H. Pennock, J.
These are two article 78 proceedings by the Police Benevolent Association of the New York State Police, Inc. (petitioner)" The first petition seeks injunctive relief in the form of a writ of prohibition coupled with a prayer for an injunction. The Public Employment Relations Board (board) was not made a party to Proceeding No. 1. The second "petition seeks review of a decision of the board op. the grounds *185 that it was arbitrary, capricious and in excess of the jurisdiction of the board.
In view of the fact that the board has made a decision which is subject to review by this court, it appears that Proceeding No. 1 is now moot, except for the injunctive relief requested. In addition, the main thrust of Proceeding No. 1 is the same issue ráised by Proceeding No. 2, and thus capsuled as follows in Proceeding No. 2, inter alia: — whether the board has made an error in law in assuming jurisdiction to entertain a decertification proceeding based upon the application of the American Federation of State, County and • Municipal Employees (AFSCME), the newly elected employee organization, during the period pending the fixed termination date of the contract.
The board answered the petition in Proceeding No. 2 generally denying all of the allegations and, as a counterclaim, requested that Proceeding No. 2 be transferred to the Appellate Division, Third Judicial Department, pursuant to subdivision (g) of CPLB 7804.
The counterclaim is denied on the ground that the question presented is one of law only, notwithstanding the fact that the parties entered into a stipulation of facts in lieu of a hearing. There is absent in the board’s decision any finding of fact, and thus the two proceedings raise the identical issue of whether or not the decision of the board impairs the obligation of contract and is unconstitutional.
“19. That the decision impairs the obligations of contract and is unconstitutional. It is disruptive and chaotic of stable, effective governmental operations. The decision destroys the existence of the current agreement between the petitioner and the State of New York and substitutes a new party to the contract in place of the Police Benevolent Association of the New York State Police, Inc., in the middle of the State’s fiscal and budgetary year and during the term of the existing contract.” (See par. 19 of petition of Proceeding No. 2; also, see, par. 9 of petition of Proceeding No. 1.)
Therefore this decision should first dispose of the question of any violation of the Fifth and Fourteenth Amendments of the United States Constitution. Freedom of contract is a basic right, protected under the liberty concept of both the Fifth and Fourteenth Amendment due process clauses. (Prudential Ins. Co. v. Cheeh, 259 U. S. 530.) Parties contracting can be subjected to many legislative controls promulgated by statutes and these controlling statutes in effect become parts of the contract. There is little distinction between public and *186 private sectors when contracting parties have been granted ' the right to contract by statute. As applied here the New York State Legislature enacted the Public Employees’ Fair Employment Act (Civil Service Law, art. 14). It is this law which permits and provides for the agreement and mutual promises between the chief executive officer and the employee organization for a period of time. (Civil Service Law, § 201, , subd. 12.) It is also this law which extends to the employee organization the right to represent the employees. “ 1. A public employer shall extend to an employee organization certified or recognized pursuant to this article the following rights: (a) to represent the employees in negotiations notwithstanding the existence of an agreement with an employee organization that is no longer certified or recognized, and in the settlement of grievances ”. (Civil Service Law, § 208, stibd. 1, par. [a].)
Private contracts that are valid and enforceable under the proper law are protectable under the contract clause of the United States Constitution. Private contracts, for this purpose, are agreements wherein the parties are private persons or nongovernmental corporations. In addition to being a statutory contract, this agreement before the court is a public contract as one of the parties is a governmental body.
There is no doubt that, if the Legislature had stripped one of the contracting parties of all remedies, .such would be a violation of the Constitution. However, here the contract itself has not been violated in any respect. The only infringement is procedure, that is, the manner of enforcement of the contractual rights of the parties; there is no impairment of the rights of the parties. As a matter of fact the infringement that offends the petitioner was a part of the statute when the agreement was consummated. It was not retroactive legislation. The question is not whether the legislative action affects contracts incidentally or directly or indirectly, but whether the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end. (Home Bldg. & Loan Assn. v. Blaisdell, 290 U. S. 398.)
It is thus concluded that the statute is constitutional. I do not reach other allegations of this petition, as each lacks any merit. The courts have heretofore determined that the board has exclusive jurisdiction. (Matter of City of Schenectady v. Helsby, 57 Misc 2d 91; Board of Educ., Cent. School Dist. No. 1, Town of Grand Is. v. Helsby, 37 A D 2d 493; Matter of City of Albany v. Helsby, 29 N Y 2d 433 [1972].) The *187 decision was not arbitrary or capricious, as no issues of fact were proscribed in determination. Injunction does not lie because the statute is constitutional. Prohibition is not a proper remedy because jurisdiction prevailed. Further, there was no error in law. The board relied upon the statutory provisions. (Civil Service Law, art. 14.)
It is axiomatic that the petition in Proceeding No. 1 must be dismissed, as the allegations have been disposed of in the companion proceeding. Further an article 78 proceeding is not the proper method for enforcement of an alleged contract right. The court denied the motion to dismiss this petition because the petitioner at that juncture had no appropriate remedy to procure relief as the board had not proffered its determination. However, the second proceeding has afforded a procedural remedy and included the board as a respondent. Thus the first proceeding becomes academic.
Neither of the proceedings was treated by the court as an action for declaratory judgment. (Matter of Buffalo Gen. Hosp. v. Sipprell, 33 A D 2d 977.) It is unique that the court passed on the constitutional question, and did so, fully aware that a declaratory judgment action would be the appropriate procedure. Time is of the essence and the court would frustrate the parties if it refused to hear the matter and insisted that a declaratory action be commenced. . In that case the determination would be long after the terminus date of the agreement.
Petition Proceeding No. 1 dismissed. Respondent employee to submit judgment.
Petition Proceeding No. 2. The court determines that, subdivision 1 of section 208 of the Civil Service Law is not a violation of the United States Constitution. Respondent Ijioard tq submit judgment.